# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| CALVIN LITT, SR. AND IRSH LITT et al, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO: |
| THE PROCTER & GAMBLE PAPER ) | |
| PRODUCTS COMPANY ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to Chapter 28, Section 1441(a) of the United States Code, Defendant The Procter & Gamble Paper Products Company.[1] ("P&G") by and through its undersigned counsel, hereby files this notice of removal of the civil action titled *Calvin Litt, Sr. and Irish Litt, individually as the Wrongful Death Beneficiaries of Calvin Litt, Jr., and Calvin Litt, Sr. as the anticipated administrator of the Estate of Calvin Litt, Jr. v, The Procter & Gamble Paper Products Company, Inc..,* CASE NO. SUCV2022000272, from the Superior Court of Dougherty County, Georgia, to

---

[1] Plaintiffs have incorrectly named Defendant as "The Procter & Gamble Paper Products Company, Inc." in the State Court Action. Defendant's proper corporate name is The Procter & Gamble Paper Products Company.

1

the United States District Court for the Middle District of Georgia, Albany Division. In support of removal, P&G states as follows:

## I.     BACKGROUND

1.     On March 4, 2022, Plaintiffs filed a Complaint for Damages ("Complaint") against P&G in the Superior Court of Dougherty County, Georgia, (the "State Court Action"). A true and correct copy of all process and pleadings served are attached as Exhibit A and are incorporated herein by reference. A copy of the State Court docket showing all activities to date is attached as Exhibit B. The Complaint alleges that on or about September 23, 2021, Plaintiffs' decedent, Calvin Litt, Jr. ("Decedent"), sustained injuries when a forklift mast allegedly fell on him. Compl. ¶ 6. Plaintiffs now bring this action under negligence and negligence per se theories against P&G. Compl. ¶ 26-27.

2.     Plaintiffs served P&G with the Summons and Complaint on March 14, 2022, thereby giving it notice of the State Court Action.

3.     Pursuant to 28 U.S.C. § 1332, and as discussed more fully below, complete diversity exists between the parties. Based on the Plaintiffs' allegations of severe injury and wrongful death, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.     This Notice of Removal is filed timely as P&G files it within thirty (30) days of being served with the initial pleadings. *See* 28 U.S.C. § 1446(b).

5. P&G removes the State Court Action to the United States District Court for the Middle District of Georgia, Albany Division because it is the district within which the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

## II. REMOVAL IS PROPER

### A. DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES.

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Complete diversity of citizenship exists between the parties.

8. Upon information and belief, Plaintiffs are citizens of Georgia.

9. For federal diversity jurisdiction purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located, and an unincorporated association, such as a limited liability company, has the same citizenship as each of its members. *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC,* 710 F.3d 1221, 1224 (11th Cir. 2013).

10. P&G is an Ohio corporation with its principal place of business in Ohio.

11. Thus, P&G is not a citizen of Georgia. As such, its citizenship is diverse from that of Plaintiffs, and it is not a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2).

12. Because Plaintiffs are, upon information and belief, citizens of Georgia, and P&G is not a citizen of Georgia, complete diversity of citizenship exists between the real parties in interest. *See* 28 U.S.C. § 1332(a)(1).

**B. THE AMOUNT IN CONTROVERY IS GREATER THAN $75,000.**

13. The amount in controversy in this action, exclusive of interests and costs, exceeds $75,000.

14. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," as 28 U.S.C. § 1446(a) tracks the "'short and plain statement' standard from Rule 8(a)" of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 81-82 (2014). In borrowing Rule 8(a)'s general pleading requirement, Congress intended "to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *See id* (citing H.R. Rep. No. 100–889, p. 71 (1988).

15. "When a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount in controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010).

16. Plaintiffs allege that Decedent "died from the injuries he sustained after a forklift mast fell on him due to Procter & Gamble's negligence." Compl. ¶ 6; *see also* Compl. ¶ 15 (claiming that a forklift mast fell on Decedent, "causing him to sustain serious injuries that ultimately killed him").

17. Where, as here, Plaintiffs allege serious bodily injuries, courts have held that the amount in controversy is satisfied. *See,* e.g. *Riner v. Retained Subsidiary One, LLC,* No. 7:14-CV-176 HL, 2015 WL 461475, at *4 (M.D. Ga. Feb. 3, 2015) (holding that when a "plaintiff will require long-term, costly medical expenses, including future surgeries…the amount in controversy exceeds $75,000.00 by a preponderance of the evidence"); see also *Roe,* 613 F.3d at 1064 (holding that amount in controversy exceeded $75,000 in a wrongful death case based on "judicial experience and common sense"). In light of the wrongful death claims Plaintiffs allege, the Court should apply its "judicial experience and common sense" to conclude the amount in controversy is greater than $75,000.00.

**C. THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED.**

18. This Court has original jurisdiction over this action because complete diversity of citizenship exists, and the amount in controversy is satisfied.

20. The allegations made in this Notice of Removal are true and correct and within the jurisdiction of this Court.

21. If any question arises as to the propriety of the removal of this action, P&G respectfully requests the opportunity to present a brief, oral argument in support of its position that this action is removable.

22. By removing this action, P&G does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

23. P&G filed or caused to be filed a copy of the Notice of Filing Notice of Removal to Federal Court with the Superior Court of Dougherty County, Georgia, and served such Notice upon Plaintiff. A copy of this Notice of Removal is being served upon Plaintiffs.

WHEREFORE, P&G respectfully removes the action from the Superior Court of Dougherty County, in the State of Georgia, bearing case number SUCV2022000272, to this Court.

Respectfully submitted.

This 13th day of April, 2022.

**SHOOK, HARDY & BACON LLP**

*/s/ Caroline M. Gieser*

Colin K. Kelly, Esq.
ckelly@shb.com
Georgia Bar No. 781072
Caroline M. Gieser, Esq.
cgieser@shb.com
Georgia Bar No. 167916
Timia A. Skelton, Esq.

tskelton@shb.com
Georgia Bar No. 667099
1230 Peachtree Street NE, Suite 1200
Atlanta, GA  30309-3591
(470) 867-6012 (direct CKK)
(470) 867-6013 (direct CMG)
(470) 867-6006 (direct TAS)

*Attorneys for The Procter &*
*Gamble Paper Products Company*

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| CALVIN LITT, SR. AND IRSH LITT et al, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO: |
| THE PROCTER & GAMBLE PAPER ) | |
| PRODUCTS COMPANY ) | |
|     Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on April 13, 2022, I served a copy of the foregoing **NOTICE OF REMOVAL** upon all parties of record in this matter using the ECF system, via U.S. Mail, and via electronic mail as follows:

Natanya Brooks
Brooks Injury Law, LLC
3740 Davinci Court
Peachtree Corners, GA 30092
678-813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

Adam Malone
Malone Law Office
Two Ravinia Dr. Suite 300
Atlanta, GA 30346
adam@malonelaw.com
meri@malonelaw.com

This 13th day of April, 2022.

*/s/ Caroline M. Gieser*

Caroline M. Gieser, Esq.
Georgia Bar No. 167916