# EXHIBIT A

## SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2022000272**

**MAR 04, 2022 04:16 PM**

*Evonne S. Mull, Clerk*
*Dougherty County, Georgia*

CIVIL ACTION NUMBER   SUCV2022000272

Litt, Calvin, Sr.
Litt, Irish
Calvin Litt, Sr., as the anticipated , DBA
Administrator of the Estate of Calvin Litt Jr.

**PLAINTIFF**

**VS.**

The Proctor & Gamble Paper Products
Company, INC.

**DEFENDANT**

### SUMMONS

TO: THE PROCTOR & GAMBLE PAPER PRODUCTS COMPANY, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Natanya Brooks**
> **Brooks Injury Law**
> **3740 Davinci Court**
> **Suite 150**
> **Peachtree Corners, Georgia 30092**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 4th day of March, 2022.**

Clerk of Superior Court

*Evonne S. Mull*

Evonne S. Mull, Clerk
Dougherty County, Georgia

Page 1 of 1

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA
**SUCV2022000272**
MAR 04, 2022 04:16 PM

Evonne S. Mull, Clerk
Dougherty County, Georgia

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA**

CALVIN LITT, SR. and IRISH LITT,
individually as the Wrongful Death
Beneficiaries of CALVIN LITT, JR., and
CALVIN LITT, SR., as the anticipated
Administrator of the Estate of CALVIN
LITT, JR.,

    Plaintiffs,

v.

THE PROCTER & GAMBLE PAPER
PRODUCTS COMPANY, INC.

    Defendant.

CIVIL ACTION FILE
NO. _____

## COMPLAINT FOR DAMAGES

Plaintiffs Calvin Litt, Sr. and Irish Litt, individually as the Wrongful Death Beneficiaries of Calvin Litt, Jr., and Calvin Litt, Sr., as the anticipated Administrator of the Estate of Calvin Litt, Jr., deceased, file this Complaint for Damages against Defendant The Procter & Gamble Paper Products Company, Inc., showing the Court as follows:

1

Calvin Litt, Sr. and Irish Litt, as the Wrongful Death Beneficiaries of Calvin Litt, Jr., and Calvin Litt, Sr., as the anticipated Administrator of the Estate of Calvin Litt, Jr., file this lawsuit to recover all damages arising out of the death of their son, Calvin Litt, Jr. Pursuant to O.C.G.A. §51-4-4 and/or O.C.G.A. §19-7-1, Calvin Litt, Sr. and Irish Litt are the proper parties to bring the wrongful death claim. Also, as the anticipated Administrator of the Estate, Calvin Litt, Sr. is the proper party to bring all claims that belong to the Estate, including damages for pre-death pain and suffering, pre-impact fright, fear of imminent death, and shock, as well as all funeral and medical expenses.

2

Plaintiffs hereby state their intention to bring each and every claim permissible under Georgia law arising from the injuries to and death of Calvin Litt, Jr., including all individual claims, personal injury claims, wrongful death claims, and Estate-based claims. Plaintiffs seek all medical expenses, funeral and burial expenses, necessary expenses, pain and suffering, wrongful death, estate damages, and all compensatory, special, actual, consequential, economic, general, punitive, and all other damages permissible under Georgia law.

3

Defendant The Procter & Gamble Paper Products Company ("Procter & Gamble") is a foreign corporation incorporated under the laws of the State of Ohio. Procter & Gamble is registered to transact business in the State of Georgia and may be served with process through its registered agent, CT Corporation System, at 289 S Culver Street, Lawrenceville, Georgia 30046.

4

Jurisdiction and venue are proper in this Court.

5

Procter & Gamble has been properly served with sufficient process in this action.

6

On or about September 23, 2021, decedent Calvin Litt, Jr. died from the injuries he sustained after a forklift mast fell on him due to Procter & Gamble's negligence. At the time, Calvin Litt, Jr. was employed by Sodexo, Inc. ("Sodexo") or a subsidiary of Sodexo. Mr. Litt was performing work at Procter & Gamble's plant in Albany, Georgia, located at located at 512 Liberty Expressway, Albany, Georgia 31705 (the "Premises").

7

Procter & Gamble contracted with Sodexo (or one of its affiliates) to repair forklifts and other motorized vehicles at the Premises.

8

At all relevant times, Procter & Gamble leased, controlled, possessed, and/or occupied the Premises.

9

Upon information and belief, Procter & Gamble provided the tools and equipment for Sodexo's employees and contractors to perform the mechanical work on forklifts and other motorized vehicles at the Premises.

10

Upon information and belief, Procter & Gamble also contracted with other contractors to perform work for Procter & Gamble at the Premises.

11

On or about September 23, 2021, Calvin Litt, Jr., an employee of Sodexo and a business invitee of the Premises, arrived at the Premises to work for the day. Calvin Litt, Jr. was not an employee of Procter & Gamble on September 23, 2021.

12

At or around the time Mr. Litt, Jr. arrived at the Premises on September 23, 2021, he and his co-worker, Kenneth McMillian, pursuant to their employment, began working on a forklift that a worker from a prior shift had been working on.

13

-3-

When Calvin Litt, Jr. and Kenneth McMillian began working on the forklift, the front two tires of the forklift were up on blocks and the mast of the forklift (the portion of the forklift that lifts, lowers, and positions the loads manipulated by the forks) was detached from one side of the forklift. The mast was suspended in the air in front of and above the forklift, held up by a strap that went around the mast and attached to a crane that could lift the mast up and down.

14

Mr. Litt, Jr. and Mr. McMillian began performing mechanical work on the forklift. They were attempting to take the broken differential off the forklift and replace it with a working differential.

15

While Mr. Litt, Jr. was performing work on the forklift using the overhead crane, the mast of the forklift slipped out of the strap that was holding it up. The mast hit Calvin Litt, Jr., knocking him back. The mast then fell on top of Mr. Litt, Jr., causing him to sustain serious injuries that ultimately killed him.

16

As a direct and proximate consequence of the wrongful acts and omissions of Procter & Gamble, Calvin Litt, Jr. sustained physical and emotional injuries, and was aware and conscious of his impending death. Procter & Gamble's actions were a cause-in-fact and a proximate cause of such injuries, pain and suffering, and death to Calvin Litt, Jr.

17

As a direct and proximate result of the wrongful acts and omissions of Procter & Gamble, Calvin Litt, Jr. died from the serious injuries he sustained on September 23, 2021.

-4-

18

At all times relative to this incident, Calvin Litt, Jr. exercised ordinary care for his personal safety, but lacked knowledge of the hazardous conditions at the Premises due to the (in)actions and conditions within the control of Procter & Gamble.

19

Calvin Litt, Jr. had no constructive or actual knowledge of the dangerous conditions of the Premises, as described herein.

20

Prior to Calvin Litt, Jr.'s death, Proctor & Gamble had actual or constructive knowledge that people working for Sodexo, performing mechanical work on forklifts and other motorized vehicles, and other contractors at the Premises did not have the proper training, certification, or knowledge to safely perform work at the Premises. Despite this, Procter & Gamble negligently permitted such activity to exist and remain.

21

Prior to Calvin Litt, Jr.'s death, Procter & Gamble had actual or constructive knowledge that Mr. Litt, Jr. and/or other Sodexo employees did not have proper training, certification, or knowledge to perform mechanical work on the forklifts and/or use the subject overhead crane at the Premises. Despite this, Procter & Gamble negligently permitted such activity to exist and remain.

22

Prior to Calvin Litt, Jr.'s death, Procter & Gamble had actual or constructive knowledge that ensuring that workers who performed mechanical work on the forklifts and/or used the subject overhead crane at the Premises had proper training, certifications, and or/knowledge to

perform such work was necessary to eliminate the dangers associated with the performance of such work.

23

Despite this, Procter & Gamble negligently failed to take action to ensure the safety of persons performing work on the forklifts at the Premises, including, but not limited to, ensuring only authorized and trained persons performed mechanical repair on the forklifts.

24

Procter & Gamble negligently failed to maintain the equipment at the Premises for the mechanical work performed on forklifts and/or use of the subject overhead crane at the Premises.

25

Procter & Gamble negligently failed to warn invitees, including Calvin Litt, Jr., of the dangers associated with the forklift mechanical work and/or use of the subject overhead crane.

26

Procter & Gamble was negligent and said negligence proximately caused Calvin Litt, Jr.'s injuries and death. Said negligence includes, but is not limited to:

a.   Violation of federal, state, and local building and safety codes and/or standards for failure to provide a safe environment for the mechanical work on the forklifts and/or use of the crane at the Premises, as may be proven at trial;

b.   In failing to properly maintain the equipment and tools used to perform mechanical work on the forklifts at the Premises;

c.   In failing to observe adequate safety standards of invitees at the Premises;

-6-

d.   In negligently hiring, training, contracting, and/or retaining Sodexo to perform mechanical work on the forklifts and use the subject overhead crane at the Premises;

e.   In failing to ensure that only authorized and properly trained personnel performed mechanical work on forklifts and/or use the subject overhead crane at the Premises; and

f.   All other acts of negligence to be proven at trial.

27

Procter & Gamble was negligent per se.

28

Procter & Gamble was negligent in failing to exercise ordinary care to keep the Premises safe for invitees, including Calvin Litt, Jr., in violation of O.C.G.A. § 51-3-1.

29

Procter & Gamble is liable for Calvin Litt, Jr.'s injuries, pain and suffering, death, and all other elements of damages allowed under the laws of the State of Georgia.

30

Plaintiffs Calvin Litt, Sr. and Irish Litt, individually as the wrongful death beneficiaries of Calvin Litt, Jr., claim damages for the wrongful death of Calvin Litt, Jr., representing the full value of the life of Calvin Litt, Jr., economic and intangible, to himself had he lived. Plaintiffs seek all wrongful death damages permitted under Georgia law in an amount to be determined by the enlightened conscience of a fair and impartial jury.

31

Plaintiff Calvin Litt, Sr., as the anticipated Administrator of the Estate of Calvin Litt, Jr., claims general damages for all the elements of the personal injuries, conscious physical and mental pain and suffering, mental anguish, medical expenses, funeral expenses and all other injuries and damages endured by Calvin Litt, Jr. prior to his death proximately caused by the September 23, 2021 incident described herein. This Plaintiff seeks all estate-based damages permitted under Georgia law in an amount to be determined by the enlightened conscience of a fair and impartial jury.

32

The damages claimed by Plaintiffs were proximately caused by the negligent acts and omissions of Procter & Gamble.

33

As a proximate and foreseeable result of Procter & Gamble's negligence, Calvin Litt, Jr. received serious injuries and died, endured conscious pain and suffering, mental anguish, became aware of his impending death, loss of the enjoyment of his life, lost wages, wrongful death, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiffs intend to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law, including, but not limited to:

a.    Personal injuries;

b.    Pain and suffering;

c.    Mental anguish;

d.    Loss of the enjoyment of life;

e.    Wrongful death;

f.    Medical expenses;

-8-

g. Funeral expenses;

h. Incidental expenses;

i. Lost past, present, and future wages;

j. Consequential damages to be proven at trial; and

k. All estate-based and wrongful death damages permitted under Georgia law.

34

Each of the foregoing acts and omissions of Procter & Gamble constitute independent acts of negligence on the part of Procter & Gamble, and one or more of the above-stated acts were the proximate cause of all injuries and death of Calvin Litt, Jr. Procter & Gamble is liable for the injuries sustained, pain and suffering, expenses of treatment, and wrongful death of Calvin Litt, Jr., and for all other elements of damage recoverable under Georgia law, including all special, compensatory, general, incidental, consequential, economic, and punitive damages.

35

Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of Procter & Gamble were willful and wanton and showed an entire want of care, which would raise the presumption of a conscious indifference to consequences.

36

Accordingly, Calvin Litt, Sr., as the anticipated Administrator of the Estate of Calvin Litt, Jr., is entitled to recover punitive damages from Procter & Gamble in accordance with the enlightened conscious of an impartial jury pursuant to O.C.G.A. § 51-12-5.1.

37

Procter & Gamble has acted in bad faith, has been stubbornly litigious, and/or has caused Plaintiffs unnecessary trouble and expense in a manner that will be shown at trial.

38

Thus, Plaintiffs are entitled to recover necessary expenses of litigation, including an award of reasonable attorney's fees and expenses of litigation required by this action, pursuant to O.C.G.A. § 13-6-11. Plaintiffs are also entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

**WHEREFORE**, Plaintiffs respectfully pray that:

a.      Process issue and service be had upon Defendant;

b.      Plaintiffs be awarded actual damages in amounts to be shown at trial;

c.      Plaintiffs be awarded all medical, doctor, and funeral expenses in an amount to be proven through the evidence at the time of trial;

d.      Plaintiffs Calvin Litt, Sr. and Irish Litt, individually as the wrongful death beneficiaries of Calvin Litt, Jr., be awarded all damages for the wrongful death of Calvin Litt, Jr., and all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from Procter & Gamble and as permitted under Georgia law;

e.      Plaintiff Calvin Litt, Sr., as the anticipated Administrator of the Estate of Calvin Litt, Jr., recover any and all damages allowed by law, including for conscious pain and suffering, as well as all general, special, compensatory, economic, and other allowable damages from Procter & Gamble, and punitive damages from Procter & Gamble, in accordance with the enlightened conscience of an impartial jury from Procter & Gamble and as permitted under Georgia law;

f.      Plaintiffs recover damages sufficient to compensate Plaintiffs fully, fairly, and completely for all losses compensable under Georgia law as set forth above;

g.      Plaintiffs recover expenses of litigation and attorney's fees under O.C.G.A. § 13-6-11;

h.      All costs be cast against Defendant;

i.      Plaintiffs have a trial by jury; and

j.      Such other relief as this Court shall deem just and appropriate.

TRIAL BY JURY IS HEREBY DEMANDED.

This 4th day of March, 2022.

                                        Respectfully submitted,

                                        **BROOKS INJURY LAW, LLC**


                                        */s/ Natanya H. Brooks*
                                        Natanya H. Brooks, Esq.
                                        Georgia Bar No: 341039
                                        Meredith S. Watts, Esq.
                                        Georgia Bar No: 362080
                                        ***Attorneys for Plaintiff***

**BROOKS INJURY LAW, LLC**
3740 Davinci Court
Suite 150
Peachtree Corners, Georgia 30092
(678) 813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com


                                        **MALONE LAW OFFICE**


                                        */s/ Adam Malone*
                                        Adam Malone, Esq.
                                        Georgia Bar No: 468005
                                        Meri Benoit Link, Esq.
                                        Georgia Bar No. 125237
                                        ***Attorneys for Plaintiff***

**MALONE LAW OFFICE**
Two Ravinia Drive
Suite 300

-11-

Atlanta, Georgia 30346
(770) 390-7550
adam@malonelaw.com
meri@malonelaw.com

\

-12-

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

CALVIN LITT, SR. and IRISH LITT,
individually as the Wrongful Death
Beneficiaries of CALVIN LITT, JR., and
CALVIN LITT, SR., as the anticipated
Administrator of the Estate of CALVIN
LITT, JR.,

     Plaintiffs,

v.

THE PROCTER & GAMBLE PAPER
PRODCUTS COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. SUCV2022000272

**PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO**
**DEFENDANT THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY**

Pursuant to O.C.G.A. §§ 9-11-36, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant The Procter & Gamble Paper Products Company respond under oath to the following requests within 30 days in accordance with the Definitions set forth below.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.    "Procter & Gamble,' "you" or "your" shall mean, collectively, Defendant The Procter & Gamble Paper Products Company and its officers, directors, employees, agents, representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest, successors in interest, and any other person or entity acting on The Procter & Gamble Paper Products Company behalf or subject to The Procter & Gamble Paper Products Company control.

2.    "Document" is synonymous in meaning and equal in scope to its usage in O.C.G.A. § 9-11-34(a)(1), which includes "writings, drawings, graphs, charts, photographs,

phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form." The term "document" includes all forms of electronically stored information ("ESI"), as well as related and relevant metadata for all ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments. ESI may be generated or stored in several locations, including social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. The term "document" includes any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3.      "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

4.      The "Litigation" shall mean this proceeding, styled *Litt et al. v. The Procter & Gamble Paper Products Company*, currently pending in Superior Court of Dougherty County.

5.      "Relate," "relating," or "regarding" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

6.      "Communication" means the transmission of information or data in any form including written, oral, electronic, or other transmissions, including without limitation personal conversations, e-mail, text message, any other method or means of electronic communication, conferences, telephone conversations, memoranda, letters, correspondence, reports, and publications, and shall include any means of conveying a message, thought, or idea from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

-2-

7.     The "Premises" shall mean the specific building where the incident giving rise to Plaintiffs' Complaint took place, within the larger property located at 512 Liberty Expressway, Albany, Georgia 31705.

8.     The "Incident" shall mean the forklift mast that fell on Calvin Litt, Jr. on or about September 23, 2021 at the Premises, as fully detailed in Plaintiffs' Complaint.

9.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

10.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

11.    The use of singular form includes plural, and vice versa.

12.    The use of present tense includes past tense, and vice versa.

## REQUESTS FOR ADMISSION

1.     Admit that no other subsidiary of The Proctor & Gamble Company had any affiliation with the Premises on the date of the subject incident.

2.     Admit that Procter & Gamble is subject to the jurisdiction of this Court.

3.     Admit that venue is proper in this Court.

4.     Admit that Plaintiff's Complaint was filed within the Statute of Limitations.

5.     Admit that Procter & Gamble was properly served with Plaintiffs' Summons and Complaint.

6.     Admit that Procter & Gamble was properly served with Plaintiffs' Summons and Complaint within the Statute of Limitations.

7.     Admit that the Incident referred to in Plaintiffs' Complaint did, in fact, occur on September 23, 2021.

-3-

This 7th day of March, 2022.

**BROOKS INJURY LAW, LLC**

*/s/ Natanya Brooks*
        Natanya H. Brooks, Esq.
Georgia Bar No: 341039
Meredith S. Watts, Esq.
Georgia Bar No: 362080
***Attorneys for Plaintiff***

**BROOKS INJURY LAW, LLC**
3740 Davinci Court , Suite 150
Peachtree Corners, Georgia 30092
(678) 813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

-4-

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

CALVIN LITT, SR. and IRISH LITT,
individually as the Wrongful Death
Beneficiaries of CALVIN LITT, JR., and
CALVIN LITT, SR., as the anticipated
Administrator of the Estate of CALVIN
LITT, JR.,

    Plaintiffs,

v.

THE PROCTER & GAMBLE PAPER
PRODCUTS COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. _____

**PLAINTIFFS' FIRST INTERROGATORIES TO**
**DEFENDANT THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiffs, by and through their

undersigned counsel, hereby requests that Defendant The Procter & Gamble Paper Products

Company respond under oath to the following interrogatories within 30 days in accordance with

the Definitions and Instructions set forth below.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.      "Procter & Gamble,' "you" or "your" shall mean, collectively, Defendant The

Procter & Gamble Paper Products Company and its officers, directors, employees, agents,

representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest,

successors in interest, and any other person or entity acting on The Procter & Gamble Paper

Products Company behalf or subject to The Procter & Gamble Paper Products Company control.

2.      "Document" is synonymous in meaning and equal in scope to its usage in O.C.G.A. § 9-11-34(a)(1), which includes writings, drawings, surveys, plats, graphs, charts, photographs, phono-records, emails, text messages, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. The term "document" includes all forms of electronically stored information ("ESI"), as well as related and relevant metadata for all ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments. ESI may be generated or stored in several locations, including social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. The term "document" includes any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3.      "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

4.      The "Litigation" shall mean this proceeding, styled *Litt et al. v. The Procter & Gamble Paper Products Company*, currently pending in Superior Court of Dougherty County.

5.      "Relate," "relating," or "regarding" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

6.      "Communication" means the transmission of information or data in any form including written, oral, electronic, or other transmissions, including without limitation personal conversations, e-mail, text message, any other method or means of electronic communication,

conferences, telephone conversations, memoranda, letters, correspondence, reports, and publications, and shall include any means of conveying a message, thought, or idea from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

      7.    The "Premises" shall mean the property located at 512 Liberty Expressway, Albany, Georgia 31705.

      8.    The "Truck Shop" shall mean the area at the Premises where Calvin Litt, Jr. and other Sodexo employees performed maintenance work on forklifts and other motorized vehicles.

      9.    The "Incident" shall mean the forklift mast that fell on Calvin Litt, Jr. on or about September 23, 2021at the Premises, as fully detailed in Plaintiffs' Complaint.

      10.    "Identify" means, depending on its use:

          a.    For each request to identify a person, state his or her full name, current or last known address, current or last known phone number, occupation and job title.

          b.    For each request to identify a document, provide the author, recipients, date, and subject matter (or in the alternative, provide a copy of the document).

          c.    For each request to identify a communication:

              i.    If written, provide the name(s) of the person(s) involved, the date(s) of the communication, and the content of the communication (or in the alternative, provide a copy of the document); and

              ii.    If oral, provide the name(s) of the person(s) involved, the date(s) of the communication, the content of the communication, and

-3-

identify any document reflecting or recording the communication

(or in the alternative, provide a copy of the document).

11.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

12.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

13.     The use of singular form includes plural, and vice versa.

14.     The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1.     Each interrogatory herein shall be construed separately, and no interrogatory shall be used to construe any other interrogatory more narrowly than it otherwise would be construed.

2.     If, after exercising due diligence to secure the information, you cannot answer any of the interrogatories in full, please so state and answer to the extent possible, specifying your inability to answer the remainder and your efforts to secure the information, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any way, please set forth the details of such qualification.

3.     If you wish to assert attorney-client privilege, attorney work product protection, or any other privilege as to any interrogatory, in whole or in part, then please identify the information as to which privilege is claimed in a manner such that the Court may determine whether such information is entitled to be accorded privileged status.

4.     These interrogatories are deemed to be continuing to the extent permitted by federal law, so as to require you to supplement the response to any interrogatory as to which you

-4-

obtain additional knowledge or information relating in any way to these interrogatories between the time the answers are served and the time of trial.

## INTERROGATORIES

1.      Please identify the following "persons" (per definition 3 above) with regard to the Premises, providing each person's legal name, last-known phone number, email, and physical address:

a.      the person(s) who had control and/or possession of the Premises on the date of the Incident;

b.      the person(s) who owned the Premises;

c.      the person(s) who occupied the Premises;

d.      the person(s) responsible for inspecting, maintaining, and repairing the Premises; and

e.      the person(s) responsible for safety at the Premises with regard to the prevention of injuries at the Premises.

2.      Please identify the following "persons" (per definition 3 above) with regard to the Truck Shop at the Premises, providing each person's legal name, last-known phone number, email, and physical address:

a.      the person(s) who had control and/or possession of the Truck Shop at the Premises on the date of the Incident;

b.      the person(s) who owned the Truck Shop at the Premises;

c.      the person(s) who occupied the Truck Shop at the Premises;

d.      the person(s) responsible for inspecting, maintaining, and repairing the Truck Shop at the Premises; and

-5-

e.      the person(s) responsible for safety at the Truck Shop at the Premises with regard
to the prevention of injuries at the Truck Shop at the Premises.

3.      Please identify the "persons" (per definition 3 above) who had access to or
authority over supervising the activity at the Truck Shop at the Premises on Defendant's behalf
on September 23, 2021.

4.      Identify each and every employee, contractor, subcontractor, or independent
contractor of Defendant who was present at the Truck Shop at the Premises at any time on
September 23, 2021.

5.      Please identify the "persons" (per definition 3 above) who provided the tools and
equipment Calvin Litt, Jr. was using at the Premises on September 23, 2021 to repair the fork
truck.

6.      Identify the "persons" (per definition 3 above) who negotiated the service
contract(s) between Sodexo, or its affiliate, and Defendant related to work performed by Sodexo
at the Premises.

7.      Please "identify" (per definition 10 above) any photographs, video recordings,
including surveillance, or audio recordings of any person, place, or thing related to the Incident
or any claim in this case, including in your response how many photographs exist and the length
of any video or audio recordings.

8.      Please state the name, residential address, home phone number, cellphone
number, email address, work address, work phone number, and date of birth of each and every
person, firm, or entity who:

a.      Prepared an incident report and/or conducted an investigation with regard to the
Incident; or

-6-

b.      Has or claims to have knowledge of facts concerning liability and/or damages in
this lawsuit.

9.      If, on or before the date of the Incident, Defendant had any established policy or
procedure for the inspection or supervision of the Truck Shop at the Premises in and around
where Plaintiff was injured as described in the Complaint, please describe the policy or
procedure.

10.     If the Truck Shop at the Premises was periodically inspected, monitored, or
supervised by you or any agent or employee of you, state when and how often such inspection,
monitoring, and/or supervision occurred, whether any document was created as a result of the
inspection; and state the name and address of any and all person(s) assigned to inspect the
Premises between September 23, 2018 and the date of the Incident.

11.     Identify all documents, records, memoranda, and/or correspondence containing or
referring in any way to any other injuries suffered by any person at the Premises from September
23, 2018 through September 23, 2021.

12.     Identify all persons who have given verbal, written, or recorded statements
covering the facts and/or circumstances of the Incident.

13.     Identify every person (whether an employee or not) that you expect to call as an
expert witness in the Litigation and for each such person identify the substance of the facts and
opinions that the expert is expected to testify, a summary of the grounds for each opinion, and
each document that you have provided to the expert.

14.     If you contend that Plaintiff has brought this action against the wrong entities due
to a misnomer, or that another person or entity is wholly or partially responsible for damages

-7-

sustained by Plaintiff, please identify the name, address, and telephone number of such entities or persons.

15.     List each and every act of negligence, contributory negligence, or comparative negligence on the part of Plaintiff that you contend contributed in any way to causing the Incident and/or any of Plaintiff's injuries.

16.     Identify each and every employee, contractor, subcontractor, or independent contractor of Defendant who was present at the Premises at any time on September 23, 2021.

17.     On what date did you first anticipate litigation arising out of the subject Incident?

This 8th day of March, 2022.

**BROOKS INJURY LAW, LLC**

*/s/ Natanya Brooks*
Natanya H. Brooks, Esq.
Georgia Bar No: 341039
Meredith S. Watts, Esq.
Georgia Bar No: 362080
***Attorneys for Plaintiff***

**BROOKS INJURY LAW, LLC**
3740 Davinci Court , Suite 150
Peachtree Corners, Georgia 30092
(678) 813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

-8-

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CALVIN LITT, SR. and IRISH LITT,
individually as the Wrongful Death
Beneficiaries of CALVIN LITT, JR., and
CALVIN LITT, SR., as the anticipated
Administrator of the Estate of CALVIN
LITT, JR.,

     Plaintiffs,

v.

THE PROCTER & GAMBLE PAPER
PRODCUTS COMPANY,

    Defendant.

CIVIL ACTION FILE
NO. _____

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, Plaintiffs, by and through their

undersigned counsel, hereby requests that Defendant The Procter & Gamble Paper Products

Company produce for inspection and copying the original documents identified below at the

offices of Brooks Injury Law, 3740 Davinci Court, Suite 150, Peachtree Corners, Georgia 30092,

in accordance with the following Definitions and Instructions, within 30 days of the date hereof.

In lieu of producing the originals, Defendant may produce copies of said documents and written

responses to these requests and mail them to Plaintiff's counsel.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    "Procter & Gamble,' "you" or "your" shall mean, collectively, Defendant The

Procter & Gamble Paper Products Company and its officers, directors, employees, agents,

representatives, attorneys, subsidiaries, affiliated corporations, predecessors in interest,

successors in interest, and any other person or entity acting on The Procter & Gamble Paper Products Company behalf or subject to The Procter & Gamble Paper Products Company control.

2.    "Document" is synonymous in meaning and equal in scope to its usage in O.C.G.A. § 9-11-34(a)(1), which includes writings, drawings, surveys, plats, graphs, charts, photographs, phono-records, emails, text messages, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. The term "document" includes all forms of electronically stored information ("ESI"), as well as related and relevant metadata for all ESI, including but not limited to information about the document's author, creation date, revision dates, tracked changes, and electronic comments. ESI may be generated or stored in several locations, including social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. The term "document" includes any document now or at any time in Defendant's possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3.    "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

4.    The "Litigation" shall mean this proceeding, styled *Litt et al. v. The Procter & Gamble Paper Products Company*, currently pending in Superior Court of Dougherty County.

5.    "Relate," "relating," or "regarding" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

-2-

6.     "Communication" means the transmission of information or data in any form including written, oral, electronic, or other transmissions, including without limitation personal conversations, e-mail, text message, any other method or means of electronic communication, conferences, telephone conversations, memoranda, letters, correspondence, reports, and publications, and shall include any means of conveying a message, thought, or idea from one or more persons to one or more persons, and shall be given the broadest possible interpretation.

7.     The "Premises" shall mean the property located at 512 Liberty Expressway, Albany, Georgia 31705.

8.     The "Truck Shop" shall mean the area at the Premises where Calvin Litt, Jr. and other Sodexo employees performed maintenance work on forklifts and other motorized vehicles.

9.     The "Incident" shall mean the forklift mast that fell on Calvin Litt, Jr. on or about September 23, 2021at the Premises, as fully detailed in Plaintiffs' Complaint.

10.    The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

11.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

12.    The use of singular form includes plural, and vice versa.

13.    The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

A.     These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers,

-3-

brokers, accountants, financial advisors, representatives and agents or other persons acting on your behalf, without regard to the physical location of such documents.

B.      In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

C.      Each document request herein shall be construed separately, and no document request shall be used to construe any other document request more narrowly than it otherwise would be construed.

D.      As required by Georgia law, all documents are to be produced either as they are kept in the usual course of business or organized and labeled to correspond to the specific request(s) to which the documents are responsive. File folders, labels, and indices identifying documents requested herein shall be produced intact with such documents. Documents attached to each other shall not be separated.

E.      Format of Production for ESI:  ESI shall be collected in a manner that preserves all metadata and produced in its original native format, with all metadata intact. For example, documents created using Microsoft Word or Excel must be produced as .doc or .xls files, and emails must be produced as .msg or .pst files. Or, you must produce ESI in text-searchable PDF format with corresponding load files containing the document's text and all available metadata. Any files that are not easily converted to text-searchable PDF format, such as spreadsheets, database, and drawing files, should be produced in native format. Duplicates may be removed

-4-

from all ESI productions in a manner that does not break up document families (such as emails and attachments), but any duplicate ESI that is not produced should be preserved.

    F.      If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    a.      identifying the document;

    b.      describing where the document is now;

    c.      identifying who has control of the document;

    d.      describing how the document became lost or destroyed or was transferred; and

    e.      identifying each of those persons responsible for or having knowledge of the loss, destruction or transfer of the document from your possession, custody or control.

    f.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

    G.      Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

    H.      If any otherwise discoverable document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each document:

    a.      the ground of privilege or protection claimed;

    b.      each and every basis under which the document is withheld;

    c.      the respective author(s) and sender(s) if different;

d.      the date and type of the document or written communication not produced;

e.      in general terms, the subject matter of the withheld information; and

f.      other information of the nature of the documents in a manner that will enable the parties to assess such claim, in accordance with Georgia Uniform State Court Rule 5.5.

I.      To the extent Defendant asserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine or another protection) and nonprivileged information, the nonprivileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

J.      If there are no documents in response to any particular request, Defendant shall state so in writing.

K.      Defendant's response to these requests must be promptly supplemented when appropriate or necessary in accordance with O.C.G.A. § 9-11-26(e).

## DOCUMENT REQUESTS

1.      Copies of all witness statements and incident reports obtained from any person in connection with the Incident.

2.      Copies of all policies of insurance (including Declarations pages) which do or may afford liability insurance coverage for damages arising from the Incident. This Request includes primary insurance coverage, excess insurance coverage, umbrella, or any other type of liability insurance coverage, and medical-payments coverage.

-6-

3.      Copies of all reports from anyone who has investigated any issue related to the Incident. Also, produce all materials relied upon by any person in formulating their opinions and conclusions. This Request excludes reports made by your counsel.

4.      The personnel files of all person(s) who worked on the premises from September 1, 2021 through the date of the subject incident, including all applications for employment, job descriptions, payroll records pertaining to the time of the Incident, letters of reference, time records, all documents referencing the investigation of said persons, all documents relative to termination of said person, all documents referencing any performance evaluations, disciplinary actions or reprimands of said person as a result of this or any incident, and any other document of any kind or by any name whatsoever which is in any way relative to the employment of said person with Procter & Gamble.

5.      Copies of any documents that show that Procter & Gamble inspected, managed, and/or maintained the Truck Shop at the Premises, and/or repaired and/or maintained any machinery or other equipment in the Truck Shop at the Premises before September 23, 2021.

6.      Copies of any reservation of rights letter or other documentation of any kind received from any insurer that purports to deny insurance coverage, or to reserve the right to contest the issue of coverage, for the claims made in this lawsuit.

7.      Copies of all claim forms, incident reports, or other documentation evidencing any other injuries occurring (or alleged to have occurred) at the Premises.

8.      Copies of any incident reports and documents received or prepared by Procter & Gamble regarding the Incident.

9.      Copies of any reports and/or statements concerning the Incident received or prepared on Procter & Gamble's behalf.

-7-

10.     Copies of any photographs, video, or audio of Calvin Litt, Jr.

11.     Any employee handbooks, policy or procedure manuals, training materials, risk management or injury prevention documents, videotapes, motion pictures, movies, safety bulletins, directives, publications, and/or materials of any other name that are related to Procter & Gamble's knowledge or notice of hazards related to the work being performed at the Truck Shop at the Premises; or regarding day-to-day operations, safety procedures, proper training, testing, hiring, retention, disciplinary actions, interviewing, and/or anything else related to ensuring the safety of all persons at the Truck Shop at the Premises on September 23, 2021.

12.     Copies of any and all incident reports of any previous injuries at the Premises from September 23, 2016 through September 23, 2021.

13.     Copies of all contracts or agreements entered into between Procter & Gamble and Sodexo, or any affiliate of Sodexo, pertaining to work performed at the Premises.

14.     Copies of all contracts or agreements entered into between Procter & Gamble and any other individual and/or entity pertaining to work performed at the Premises.

15.     Copies of all contracts or agreements entered into between Procter & Gamble and the owner of the Premises.

16.     A copy of the lease agreement(s) or any other documents setting forth the terms under which Procter & Gamble occupied the Premises as of September 23, 2021.

17.     Copies of all records and/or documents, correspondence, emails, and memoranda regarding any communications with Sodexo, or any affiliate of Sodexo, or its insurers, regarding work performed at the Premises from September 23, 2016 through September 23, 2021.

-8-

18.     Copies of all records and/or documents, correspondence, emails, and memoranda regarding any communications with Sodexo, or any affiliate of Sodexo, or its insurers, regarding the Incident.

19.     Copies of all records and/or documents, correspondence, emails, and memoranda regarding any communications with Sodexo, or any affiliate of Sodexo, or its insurers, regarding training for workers working in the Truck Shop from September 23, 2016 through September 23, 2021.

20.     Copies of all records and/or documents, correspondence, and memoranda regarding changes and/or modifications to policies and procedures concerning maintenance work performed at the Truck Shop at the Premises since September 23, 2021.

21.     For any expert expected to testify on behalf of Procter & Gamble,

a.      The expert's curriculum vitae;

b.      Any report created in reference to this case;

c.      All documents provided to the expert(s);

d.      All documents received from expert(s);

e.      The expert's entire file related to this case;

f.      A list of all other cases for which the expert has been retained in the past ten years, or such period of time the expert retains such records, if less than ten years.

22.     Copies of all Complaints initiating civil actions against you for injuries sustained at the Premises between January 1, 2011 and the present.

23.     Documents you receive in response to non-party requests, informal requests, or subpoenas for the production of documents.

-9-

24.    Documents or emails generated as a result of Calvin Litt, Jr.'s injuries and death, including incident reports, maintenance reports, security warnings, etc.

25.    The claims handling guidelines and procedures applicable to the Incident.

26.    Copies of all documents that you contend support any of your defenses.

27.    A list of all documents being withheld from production by virtue of any privilege of non-production or for any other reason, identifying each document by its name, date, author, and recipient and specifying the reason for withholding it from production.

28.    All documents, including but not limited to emails, between any employee of Procter & Gamble and Calvin Litt, Jr.

29.    Copies of all documentation of any kind received from any government, person, or corporation relating to the Incident.

30.    Copies of any and all documents filed as part of an insurance claim with any insurer relating to the Incident.

31.    All written statements, descriptions of statements, records, and written accounts of investigation, directly or indirectly, related to the Incident.

32.    All photographs and diagrams of any person, place, or thing that is directly or indirectly related to the Incident.

33.    All other writings, memoranda, data and/or tangible things that are related, directly or indirectly, to the Incident and/or damages set forth in this matter.

34.    All documents relating to the manner of the Incident, the events giving rise or leading up to it, other than any statements of witnesses or parties produced in response to any of the preceding Requests.

-10-

35.     All documents relating to the conditions at the scene of the Incident (e.g., weather conditions, roadway surface, construction, traffic signals or signs).

36.     All documents relating to the contractual responsibility, if any, by Procter & Gamble or any other party with respect to conditions existing at the Premises of the Incident and the time thereof.

37.     All documents relating to any agreement, understanding, or relationship between any party herein, including the principals, agents or employees, which, in whole or in part, is alleged to establish any responsibility, joint or sole, for any of the conduct allegedly committed by Procter & Gamble with respect to the subject matter of this Litigation.

38.     All documents relating to complaints or any other notification of potentially dangerous conditions at the Truck Shop at the Premises and received by Procter & Gamble prior to the Incident.

39.     All documents and expert reports concerning the explanation for or cause of the Incident.

40.     All documents relating to any facts that it is asserted that the conduct of Calvin Litt, Jr. contributed to the happening of the Incident or the injuries or losses suffered as a result thereof.

41.     All documents relating to the identity of any statute, standard, or ordinance or governmental code which was allegedly violated by Procter & Gamble or any contractor working for Procter & Gamble at the time of the Incident.

42.     All documents within your possession, custody, or control relating to Calvin Litt, Jr.'s business relationship with Procter & Gamble from its inception to the present.

-11-

43.     All demonstrative evidence to which reference maybe made at the time of trial.

44.     All documents relating to Calvin Litt, Jr.'s background, including, but not limited to, occupation, criminal, and medical background.

45.     All statements taken by you or any person relating to the facts of this case, other than those produced in response to any of the preceding Requests.

46.     All documents that contain, refer, or relate to any oral communication regarding the Incident that took place with any and all employees, representatives, agents, servants or any other party.

47.     Copies of all statements, as defined by the Georgia Rules of Civil Procedure, whether recorded or written, obtained in connection with the Incident.

48.     All reports and/or other documents, including but not limited to emails, email attachments, reports, letters, etc., that pertain to the Incident.

49.     Any documents, directives, correspondence, investigation, statements or any other documentary data pertaining to or in any way relating to Incident, including, but not limited to, personal injury reports, accident reports, investigations and findings. This request excludes all documents which are protected from discovery by the Georgia Rules of Civil Procedure.

50.     Any and all documents relating to and/or relied upon in the construction and/or installation and/or maintenance of the fork truck Calvin Litt, Jr. was working on on the date of the Incident.

-12-

51.     Any and all documents relating to the design and/or engineering and/or manufacturing of the overhead crane upon which the mast of the fork truck connected to at the Premises.

52.     All correspondence, memoranda, documents, statements and/or any other documentary data provided to or received from any liability insurance company or loss control service in connection with Incident. This Request excludes all documents protected from discovery by the Georgia Rules of Civil Procedure.

53.     All accident reports pertaining to injuries sustained at the Premises.

54.     All documents evidencing or reflecting any and all individuals working on site at the Truck Shop from September 1, 2021 through the time of the Incident.

55.     Any document in your possession referencing the Incident in any way.

56.     Any documents Procter & Gamble created and/or received that reference the Incident in any way, including, but not limited to, meeting minutes, accident investigation report, correspondence, photos and videos.

57.     All investigative material regarding the Incident including, but not limited to, videotapes, s u r v e i l l a n c e , photographs, statements, investigative reports, memos, audiotapes, videotapes, computer information or any other document or thing, excluding documents protected from disclosure by either the attorney-client privilege and/or the work product doctrine.

58.     Copies of all ownership/contracts relating to the Truck Shop at the Premises.

-13-

59.     Copies of any and all policies, procedures, contracts, payment receipts, etc. that address, in any way, the activity of the construction and/or installation and/or maintenance of the Fork Truck at the Truck Shop at the Premises.

60.     All documents evidencing or reflecting any and all individuals with knowledge of the Incident.

61.     All documents evidencing or reflecting any and all individuals on site at the Truck Shop at the Premises on the date of the Incident.

62.     Any and all expert reports in connection with the Incident.

63.     Any and all claims files in connection with the Incident.

64.     All job reports, structural inspection reports, and complete or incomplete floor plans, made in connection with the Truck Shop at the Premises.

65.     All submittals by your company for use at the Truck Shop in connection with any work performed by you or on behalf of your company.

66.     All documents that refer or relate to the site-specific lock out tag out of the fork truck Calvin Litt, Jr. was working on at the time of the Incident.

67.     All documents that refer or relate to the training and certification of the personnel engaged in the repair of the fork trucks at the Truck Shop from September 23, 2016 through September 23, 2021.

68.     Daily job reports of Defendant or any contractor working for Defendant for the Truck Shop from September 23, 2016 through November 30, 2021.

69.     All safety meeting minutes and/or "toolbox talks" involving your company at the Truck Shop at the Premises.

-14-

70.     The Truck Shop's standard operating procedures and job rules specifications.

71.     The contract, including the general conditions of the any contract, entered in by Defendant for the purposes of maintenance work and/or construction at the Premises.

72.     Any documents received from or exchanged with between Defendant and any contractor at the Premises pertaining to the Incident.

73.     All change or work orders in connection with the subject Fork Truck repair that Calvin Litt, Jr was performing on September 23, 2021.

74.     The memorandum file for the Truck Shop.

75.     The master plan at schematic level for the Truck Shop relative to the overall property layout.

76.     The Truck Shop and/or company safety booklet or manual.

77.     The entirety of any safety orientation given to the workers at the Truck Shop of the Premises.

78.     Minutes of all safety meetings at the Truck Shop at the Premises.

79.     Minutes of all Contractor Meetings at the Truck Shop at the Premises.

80.     All inspection reports or any other documents discussing or mentioning inspections at the Truck Shop from September 23, 2016 through the date of the Incident.

81.     Any and all project specific Safety Programs received by and/or created by your company for the Premises.

82.     Any and all OSHA violations received by your company from 2011 through the present.

83.     All documents reflecting or constituting responses to any and all OSHA violations received by Procter & Gamble from 2011 through the present.

84.     All documents evidencing or reflecting payment of any and all OSHA violations by Procter & Gamble from 2011 through the present.

85.     All documents evidencing or reflecting the status or outcome of any and all OSHA violations against Procter & Gamble from 2011 through the present.

86.     All daily status reports and logs for the Truck Shop from September 23, 2016 through the date of the Incident.

87.     All Truck Shop managers' completed forms, logs or diaries from September 23, 2016 through the date of the Incident.

88.     Your company's Safety Program and/or Safety Manual that was applicable to your company's work at the Truck Shop.

89.     Any and all Safety inspections, surveillances, walkdowns, walk thoughts that were applicable to your company's safety program at the Truck Shop.

90.     Any other document pertaining to the Incident that is the subject of this lawsuit, excluding documents protected by the attorney client privilege and/or attorney work project doctrine.

91.     A list of all employees on site on the day of this Incident, September 23, 2021, and for the three-week period prior to the date of the Incident. Any and all job hazard analysis relating to the repair and/or installation and/or maintenance of the subject Fork Truck that Calvin Litt, Jr. was working on the date of the Incident.

-16-

92.    Any and all job hazard analysis regarding work at the Truck Shop at the

Premises.

This 8th day of March, 2022.

**BROOKS INJURY LAW, LLC**

*/s/ Natanya Brooks*
Natanya H. Brooks, Esq.
Georgia Bar No: 341039
Meredith S. Watts, Esq.
Georgia Bar No: 362080
***Attorneys for Plaintiff***

**BROOKS INJURY LAW, LLC**
3740 Davinci Court , Suite 150
Peachtree Corners, Georgia 30092
(678) 813-2202
nhb@brooksinjurylaw.com
msw@brooksinjurylaw.com

-17-

**General Civil and Domestic Relations Case Filing Information Form**

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

☑ Superior or ☐ State Court of  Dougherty_____ County **SUCV2022000272**

| For Clerk Use Only | | MAR 04, 2022 04:16 PM |
|---|---|---|
| Date Filed _03-04-2022_____ <br> **MM-DD-YYYY** | Case Number _SUCV2022000272_ | Evonne S. Mull, Clerk <br> Dougherty County, Georgia |

**Plaintiff(s)**

Litt, Calvin, Sr.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Litt, Irish

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Calvin Litt, Sr., as the anticipated

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

The Proctor & Gamble Paper Products Company, I

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Brooks, Natanya      **Bar Number** 341039      **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
☐ **Automobile Tort**
☐ **Civil Appeal**
☐ **Contract**
☐ **Contempt/Modification/Other Post-Judgment**
☐ **Garnishment**
☑ **General Tort**
☐ **Habeas Corpus**
☐ **Injunction/Mandamus/Other Writ**
☐ **Landlord/Tenant**
☐ **Medical Malpractice Tort**
☐ **Product Liability Tort**
☐ **Real Property**
☐ **Restraining Petition**
☐ **Other General Civil**

**Domestic Relations Cases**
☐ **Adoption**
☐ **Contempt**
   ☐ **Non-payment of child support, medical support, or alimony**
☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
☐ **Family Violence Petition**
☐ **Modification**
   ☐ **Custody/Parenting Time/Visitation**
☐ **Paternity/Legitimation**
☐ **Support – IV-D**
☐ **Support – Private (non-IV-D)**
☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number      _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

Sheriff Number: 22007383    Court Case Number: SUCV2022000272
Date Received: 3/11/2022 Time: 2:13 PM
Special Service Inst:

State of Georgia
Gwinnett County

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2022000272**
**VSD**
**MAR 21, 2022 12:59 PM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

ATTORNEY'S ADDRESS

BROOKS INJURY LAW LLC
3740 DAVINCI CT
SUITE 150
PEACHTREE CORNERS, GA 30092

NAME AND ADDRESS OF PARTY TO BE SERVED

THE PROCTOR & GAMBLE PAPER PRODUCTS COMPANY, INC.
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

CALVIN LITT SR.; IRISH LITT; CALVIN LITT SR, AS THE
ANTICIPATED, DBA ADMINISTRATOR OF THE ESTATE
OF CALVIN LITT, JR
PLAINTIFF
VS.
THE PROCTOR & GAMBLE PAPER PRODUCTS COMPANY
ONC
DEFENDANT

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐   Sex_____ Skin Color_____ Hair Color_____ Age_____ Hgt_____ Wgt_____
I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and
summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
|     |           |           |     |     |     |

**CORPORATION** ☒
I have this day served the The Proctor + Gamble Paper Products Company Inc a corporation by leaving a copy of
the within action and summons with Jane Richardson in charge of the office and place of
doing business of said Corporation in this County.

**TACK AND MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found
in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: 3/14/22
Time: 11:39 am

W. Coberly 501332
Deputy Sheriff

GWINNETT COUNTY GEORGIA

Sheriff Number: 22007383    Court Case Number: SUCV2022000272
Date Received: 3/11/2022 Time: 2:13 PM
Special Service Inst:

State of Georgia
Gwinnett County

ATTORNEY'S ADDRESS

BROOKS INJURY LAW LLC
3740 DAVINCI CT
SUITE 150
PEACHTREE CORNERS. GA 30092

CALVIN LITT SR.; IRISH LITT; CALVIN LITT SR, AS THE
ANTICIPATED, DBA ADMINISTRATOR OF THE ESTATE
OF CALVIN LITT, JR
PLAINTIFF
VS.
THE PROCTOR & GAMBLE PAPER PRODUCTS COMPANY
ONC
DEFENDANT

NAME AND ADDRESS OF PARTY TO BE SERVED

THE PROCTOR & GAMBLE PAPER PRODUCTS COMPANY, INC.
289 SOUTH CULVER STREET
LAWRENCEVILLE, GA 30046

SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [  ]    Sex_____  Skin Color_____  Hair Color_____  Age_____  Hgt_____  Wgt_____
I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** [  ]
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place in this County.

Delivered same into the hands of _____ described as follows:

| SEX | SKIN COLOR | HAIR COLOR | AGE | HGT | WGT |
|-----|-----------|-----------|-----|-----|-----|
|     |           |           |     |     |     |

**CORPORATION** [X]
I have this day served the _The Proctor & Gamble Paper Products Company Inc_ a corporation by leaving a copy of the within action and summons with _Jane Richardson_ in charge of the office and place of doing business of said Corporation in this County.

**TACK AND MAIL** [  ]

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** [  ]

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

**SPECIAL PROCESS**

**COMMENTS**

Date: _3/14/22_

Time: _11:33 am_

_W. Coberln 501332_
Deputy Sheriff

GWINNETT COUNTY GEORGIA